(115 App. Div. 118)

PEOPLE ex rel. QUINN v. VOORHIS et al., Com'rs.

(Supreme Court, Appellate Division, First Department.   October 15, 1906.)

**1. APPEAL—COMPLIANCE WITH ORDER—DISMISSAL.**

Where, after a peremptory mandamus was granted directing the commissioners of elections of New York to designate certain daily papers advocating the election of H. as the candidate of the Democratic Party for Governor in which to publish a list of places for the registration and polling of votes, as required by Election Law, Laws 1896, p. 893, c. 909, § 10, the commissioners met and fully complied with the writ, on which no costs were awarded, an appeal subsequently taken was ineffective, and would be dismissed.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3122.]

**2. SAME—PUBLIC QUESTIONS—DETERMINATION.**

The board of elections of the city of New York designated certain newspapers as representing the Democratic Party, in which to publish election notices required by Election Law, Laws 1896, p. 893, c. 909, § 10, whereupon a peremptory mandamus was issued, requiring them to designate papers advocating the election of H. as the candidate of the Democratic Party for Governor, in which to publish the list of places for registration and polling of votes.   The board, instead of presenting any evidence to sustain their action or giving notice to the proprietors of ·the newspapers first designated as Democratic papers, allowed the allegations of the affidavits charging that such newspapers were not supporting the principles and candidates of the Democratic Party to go unchallenged, and complied with the writ by appointing four other papers which were supporting H. as the Democratic candidate for Governor.   *Held*, that the record was insufficient to justify the court in retaining an appeal, notwithstanding defendants' compliance with the writ, for the purpose of determining whether the papers first designated were eligible, though they did not support the Democratic candidate for Governor.

Ingraham and Clarke, JJ., dissenting.

Appeal· from Special Term, New York County.

Mandamus by the people, on relation of Thomas C. Quinn, against John R. Voorhis and others, as commissioners of the board of elections of the city of New York.   From an order granting a peremptory writ, defendants appeal.   On motion to dismiss appeal.   Granted.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Otto T. Hess, for the motion.
Arthur C. Butts, opposed.

LAUGHLIN, J.   The appeal is from an order of the Special Term directing that a peremptory writ of mandamus issue herein, commanding the defendants, as commissioners composing the board of elections of the city of New York, and their successors in office, to "publish a list of places for the registration and polling of votes according to the election laws of the state of New York (Laws 1896, p. 893, c. 909), and especially section 10 thereof, in four (4) daily newspapers published in the Borough of Manhattan, which advocate the election of William Randolph Hearst as the candidate of the Democratic Party for Governor, the said Democratic Party being a political party polling the next highest number of votes for Governor at the last election in the

state of New York, and its platform" adopted at the last state convention, at which said Hearst was nominated for Governor "and the Democratic ticket as named at said convention." On the motion to dismiss the appeal, it appears that a peremptory writ of mandamus has been duly issued pursuant to the order appealed from, commanding the appellants to convene and designate for the purpose of publishing said election notices four daily newspapers which advocate the election of said Hearst and the platform of the Democratic Party as adopted at its last state convention, and the Democratic ticket nominated at said convention; that pursuant to the command of said writ the appellants convened as a board of elections and reconsidered and rescinded a resolution adopted on the 4th day of October, 1906, which, among other things, designated "the Sun, the World, the Times, and the Staats Zeitung" as daily newspapers advocating the principles of the Democratic Party in which the election notices should be published, and revoking and annulling "any authority for the publication of said election notices that may be contained in the letter of the President" of the board to the publishers of said newspapers, which letter was dated on the 4th day of October, 1906, and thereupon adopted a resolution designating the New York Daily News, New York American, the Telegraph, and the Morgen Journal as daily newspapers published in the borough of Manhattan in which said election notices should be published; that said resolution reconsidering and rescinding the former resolution was adopted at 3 o'clock on the afternoon of the 8th day of October, 1906, and the resolution making a new designation of newspapers was adopted half an hour later; and that the notice of appeal was not served until late in the afternoon of the same day. No costs were awarded on granting the order, and therefore, since the appellants, instead of applying for a stay and taking an appeal, have fully complied with the mandamus issued pursuant to the order, this subsequent appeal can be of no avail or effect so far as this proceeding is concerned.

Notwithstanding this fact, it is urged that the case falls within the rule that, where an important public question is involved, the court, instead of dismissing an appeal, even though the order appealed from has been executed, will retain the case and express an opinion upon the law as a precedent for the guidance of public officials in the future. We are of opinion that this case is not one in which that course should be followed. The appellants—instead of presenting any evidence to sustain their action or giving notice to the proprietors of the newspapers first designated as Democratic papers by them, and affording them an opportunity to apply for intervention or to present affidavits showing that they were supporting the principles, although not the present candidates, of the Democratic Party, which might render them eligible for designation under the statute—have allowed the allegations of the petition, charging not only that the newspapers first designated by them were not supporting the candidate of the Democratic Party, but also that they were not supporting the principles of the Democratic Party, and, on the contrary, were supporting both the candidates and the principles of the Republican Party, to remain undenied. It is manifest, therefore, that the record as made does not present for deter-

mination the correctness of the theory upon which the appellants doubtless originally acted, or the claims that may be made in behalf of the newspapers originally designated, that, although not supporting the candidates, they are still loyal to the principles and are supporting the principles of the Democratic Party, and might therefore be eligible for such designation.

It was stated upon the argument, but does not appear in the record, although it is to be inferred from the papers upon which the motion to dismiss is made, that the president of the board, after the original designation of newspapers, by a letter duly authorized the proprietors of the newspapers to commence the publication, and that the board, without any notice or hearing to the proprietors of those papers, has assumed to rescind the resolution and to annul the authority for publishing the notices theretofore given pursuant thereto, and has authorized the proprietors of the newspapers designated on the 8th of October to publish the notices. It would be improper, in view of the state of this record as already indicated, for this court to express any decided opinion which might embarrass the proprietors of the newspapers in asserting their claim for the publication of the notices either under the original designation or under the last designation.

We have, therefore, reached the conclusion that the appeal should be dismissed, and an order to that effect may be entered.

PATTERSON and HOUGHTON, JJ., concur.

INGRAHAM, J. (dissenting). The defendants appeal from an order of the Special Term granting a peremptory writ of mandamus requiring the board of electors "to publish a list of places for the registration and polling of votes according to the election law of the state of New York (Laws 1896, p. 893, c. 909), and especially section 10 thereof, in four (4) daily newspapers published in the borough of Manhattan which advocate the election of William Randolph Hearst as the candidate of the Democratic Party for Governor." The relator moved to dismiss this appeal on the ground that the writ of mandamus was duly issued, and on the 8th day of October, the same date on which the notice of appeal was served, the board of elections met and in compliance with the mandamus designated four papers for the publication of election notices as required by the writ. The writ issued required the defendants to convene "for the purpose of designating four daily newspapers published in the borough of Manhattan, in the city of New York, in which are to be printed the general election notices in the city of New York, borough of Manhattan, which said newspapers advocate the election of William Randolph Hearst as the candidate of the Democratic Party for Governor, the said Democratic Party being the party polling the next highest number of votes at the last election for Governor in the state of New York, and its platform as adopted at the state convention held on the 26th day of September, 1906, at the city of Buffalo, state of New York, at which William Randolph Hearst of New York was nominated for Governor and the Democratic ticket as nominated at said convention." The statute does not require the board to designate newspapers, but to cause the notices to be published. The

board having acted under a command of the writ, its action is not an exercise of discretion, but an act commanded by the Supreme Court. If the writ was improperly issued, the subsequent publications could be made in such newspapers as the board should select as complying with the statute; and there is presented, therefore, a question as to whether the court below correctly construed section 10 of the election law, when it was held that the board was bound under the law to select four newspapers that supported the candidate for Governor nominated by the Democratic Party; the party polling "the next highest number of votes" at the last preceding election for Governor. Section 10 of the election law provides that:

"In the borough of Manhattan such publication shall be made in four daily newspapers published in the borough of Manhattan which advocate the principles of the political party polling the highest number of votes in the state at the last preceding election for Governor, and also in four daily newspapers published in the borough of Manhattan which advocate the principles of the political party polling the next highest number of votes for Governor at said election."

This provision contains no reference to a candidate of either of the parties. Supporting a candidate is not made the test by which the commissioners are to be governed in the selection of the newspapers. A newspaper may for personal reasons refuse to support one or more candidates nominated by a political party to which it adheres, and may at the same time support the principles of the party. There is no more reason that the nominee for Governor should be selected as the test, as to whether a newspaper supports the principles of the party, than any other candidate upon the ticket. I think, therefore, the court was clearly in error in commanding the defendant to select newspapers for this publication supporting the candidate for Governor on the Democratic ticket. It was the duty of the defendants to select four newspapers for the publication of these election notices, papers supporting the principles of the Democratic Party at the election to be held in November, and they did not comply with their duty if they selected papers that supported the principles of the Republican Party, or any other party except the Democratic Party.

The petition alleges that the defendants had selected, as representing the principles of the Democratic Party, four newspapers in the city of New York, namely, the World, Sun, Times, and Staats Zeitung, and that these four newspapers "do not advocate the principles of the Democratic Party, being the political party polling the next highest number of votes in the state of New York at the last preceding election for Governor," and, further, that the defendants, in designating these four newspapers, "was in contravention of the statute in such case made and provided, inasmuch as none of the papers so designated advocates the principles of the political party polling the next hig[h]est number of votes for Governor at the last election, to wit," the Democratic Party; that "the World, the Sun, the Times, and the Staats Zeitung immediately heretofore, and after said nominations, advocated and do now advocate the principles of the Republican Party, to represent which, in accordance with the law, the said board of elections had already appointed the Mail, the Globe, the Press, and the Tribune, which have at all times

advocated the principles of the said Republican Party." This allegation is not denied, and the court had before it, therefore, simply an allegation that the board had selected newspapers that supported the principles of the Republican Party under a statutory provision which requires them to designate newspapers supporting the principles of the Democratic Party. It follows that the act of the defendants in designating these newspapers was not a compliance with the statute, and that the court, in a proper case, was justified in issuing a mandamus requiring the board to publish these election notices in four newspapers representing the principles of the Democratic Party.

For the reasons stated, however, by Mr. Justice CLARKE, I concur with him in the conclusions at which he has arrived.

CLARKE, J. (dissenting). I am of the opinion that the order appealed from should be reversed and the application for a peremptory writ of mandamus denied. The petitioner was the publisher of the New York Daily News, and made his application to the court, not in the capacity of a citizen or representative of a political party for the purpose of settling a public question, but to compel the board of elections to designate the paper of which he was the publisher as one of the papers in which the election notices should be published for the purpose of obtaining payment therefor from the city.

The petition presented to the court prayed that a writ of mandamus issue commanding the board of elections to designate the Daily News as one of the four Democratic papers in which said election notices shall be inserted, and nothing else. And the order to show cause upon which the order appealed from herein was granted was to the same effect, although it did conclude with the phrase, "and for such other and further relief as may be just and proper in the premises." The order to show cause, however, must be governed and interpreted by the petition, and the relief granted must be that clearly asked for and indicated by the moving papers. The relief demanded by the petition was denied; and the order granted relief not contemplated or prayed for, and which may have interfered with vested rights without notice to or hearing of interested parties. It undertook by mandamus proceedings to review and set aside the action of the board of elections, a board which exercises quasi judicial functions, in determining in the exercise of its discretion a question of fact. The order also injected into the statute a provision as to the advocacy of a particular candidate for a particular office, in place of the advocacy of the principles of a party, as the test to be applied in determining the papers in which the notices should be published.

The office of a writ of mandamus is to compel specific action in the exercise of purely ministerial functions. If the performance of an official act involves discretion, courts, although they have power to demand action, have no right to say that it must be in a particular way. As the petition in the matter at bar asked and only asked for a particular exercise of the discretion of the board, it should have been denied; and it seems to me any action of the court based upon such papers as are here presented was unauthorized and improper. In People

ex rel. Francis v. Common Council, 78 N. Y. 41, 34 Am. Rep. 500, where there was a question of the designation of four papers having the largest circulation in the city of Troy, and the common council had selected four, and another paper petitioned the court, the court said:

"The four papers designated have acted under their appointment. They are not parties to this proceeding, and their appointment would not be vacated by any judgment which could be rendered herein. There would in that case be five official papers, when the law authorizes only four. It would be difficult to say that the claims of the papers appointed by the common council, for services rendered could be successfully resisted by the city on the ground of any invalidity in their appointment. The effect of the mandamus would be to compel the appointment of a fifth paper without disturbing that of the other four. A very clear case should be made out to induce the court to subject the city to this additional expense, and we do not find the right of the relators to a mandamus so plain as to justify that course."

It is true that the court by its order did not direct the designation of relator's paper, but it did direct the board to select four papers which advocated the election of a particular candidate as the candidate of the Democratic Party for the office of Governor, in spite of the fact that it appeared from the papers submitted that the board had already designated four papers, and it is evident upon the face of these papers that in order to comply with the peremptory mandamus the board must first have rescinded its prior action, the consequences of which rescission may have been to seriously impair contractual rights already existing without an opportunity to the holders of such rights, if such there were, to be heard.

As I think the order appealed from was unauthorized, it should be reversed and the motion for mandamus denied.

INGRAHAM, J., concurs.