The People of the State of New York ex rel. Thomas C.
   Quinn, Respondent, v. John R. Voorhis et al., Compos-
   ing the Board of Elections of the City of New York,
   Appellants.

Appeal — Mandamus — Appellate Division — Erroneous Dis-
missal of Appeal From an Order Granting a Peremptory Writ of
Mandamus. It is erroneous for the Appellate Division to dismiss an
appeal from a final order granting a writ of peremptory mandamus
directing the defendants, as the board of elections of the city of New York,
to perform certain acts, even though the defendants had obeyed the writ
in part by performing some of the acts which they were commanded to
perform, where the duty imposed upon them is continuous and will not be
completed until election day; since a party affected by an order command-
ing him to do an act retains the right to appeal therefrom so long as the
effect of the order may be to constrain his action in the future.
*People ex rel. Quinn* v. *Voorhis*, 115 App. Div. 118, reversed.

(Argued October 25, 1906; decided October 26, 1906.)

Appeal, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered October 19, 1906, which dismissed an appeal
from an order of Special Term granting a motion for a per-
emptory writ of mandamus to compel the defendants to desig-
nate certain newspapers in which to publish election notices
pursuant to section 10 of the Election Law.

After the appeal had been taken to the Appellate Division,
the relator made a motion to dismiss it, on the ground that
the board of elections had, at the time of taking the appeal,
already complied with the provisions of the peremptory writ
of mandamus. This motion was granted by a divided court.
The questions certified are stated in the opinion.

*William B. Ellison,* Corporation Counsel (*Arthur C.
Butts, Terence Farley* and *Thomas F. Noonan* of counsel),
for appellants. The board of elections of the city of New
York having been compelled by the compulsory mandate of

the court to act, and thereby create expense for the city of New York under an order which they affirm was erroneously granted, and under which further expense is still to be incurred, said board of elections has the right to its day in court on appeal from said order. (*Matter of Emmet,* 150 N. Y. 538.) The act or acts to be done under the order granting a peremptory mandamus must be considered with the order to determine whether the act or acts commanded to be performed thereunder have been completely performed. (*People ex rel. T. T. S. Ry. Co.* v. *Squire,* 110 N. Y. 666.) The board of elections was not obliged to place itself in contempt of court by refusing to obey the order of the court below even if it believed said order to have been erroneously granted. It had a right to rely upon an appeal to the court and the reversal of such erroneous order. (L. 1901, ch. 95.)

*Otto T. Hess* and *Thomas W. Churchill* for respondent. The appeal was properly dismissed. (*People ex rel. T. T. S. Ry. Co.* v. *Squire,* 110 N. Y. 666; *Matter of Manning,* 139 N. Y. 448; *People ex rel. Geer* v. *Common Council of Troy,* 82 N. Y. 575.)

*Per Curiam.* Two questions are certified to us as follows: "(1) Was it error to dismiss an appeal to the Appellate Division from a final order granting a peremptory mandamus where the defendants have obeyed the writ by completely performing the acts which they were commanded to perform? (2) If it was error to dismiss such appeal, was the mandamus properly granted upon the papers presented to the Special Term?"

We decline to consider the second question, as the merits of this controversy are not before us.

We are of opinion that it was error on the part of the Appellate Division to dismiss the appeal from the final order granting a peremptory writ of mandamus even though the defendants had obeyed the writ in part by performing some of the acts which they were commanded to perform.

We do not answer the first question as framed, where it states that "the defendants have obeyed the writ by completely performing the acts," etc., as the duty imposed upon the board of elections under the statute is continuous and will not be completed until election day, for the board is required to cause to be published notices of the election on various days, some of which are still future.

It is a well-recognized principle that a party affected by an order commanding him to do an act retains the right to appeal therefrom so long as in the future the effect of the order may be to constrain his action.

The principle has recently been decided in this court in the cases of three policemen, argued together (*People ex rel. Hurlbut, Reardon and Kenny* v. *Bingham, as Police Commissioner of the City of New York*) decided October 2d, 1906 (186 N. Y. 522, 523), where we denied relators' motions to dismiss the appeals from orders of the Appellate Division in the second department, which affirmed orders granting relators' motions for writs of peremptory mandamus, directing their restoration to the police force, on the ground that the commissioner had complied with the orders, and the questions were, therefore, academic. In denying these motions we held that the commissioner had a right to appeal, as the effect of the writs was to continue the relators in office.

The order appealed from should be reversed, without costs, and the proceedings remitted to the Appellate Division.

First question certified answered as stated herein.

Second question not answered.

CULLEN, Ch. J., EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; GRAY, J., absent.

Order reversed, etc.