MORNING TELEGRAPH CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

NEWSPAPERS (§ 5*)—COMPENSATION FOR PUBLICATION—RIGHT—ELECTION NOTICES.

Election Laws (Laws 1896, p. 899, c. 909, as amended by Laws 1906, p. 553, c. 259, § 1) § 10, requires the Board of Election to cause a list of polling places, etc., to be published upon each day of registration and the day of election, and on the day prior to such days such publication to be made in the borough of Manhattan in four daily newspapers published therein, which advocate the principles of the political party polling the highest number of votes at the last election. Section 11, subd. 2, cl. "j" (added to Laws 1896, p. 900, c. 909, by Laws 1901, p. 244, c. 95, § 5), makes the expense of all elections held in New York City a charge on the city, and section 18 (Laws 1896, p. 906, c. 909, as amended by Laws 1901, p. 249, c. 95, § 7) contains a like provision and requires the expense to be paid by the city comptroller upon the certificate of the Board of Election. *Held* that, as the duty of the board in publishing notices was a continuing one, it could publish them in one set of newspapers for a part of the time and in another set on other days, so that where the resolution designating four papers for the publication of such notices was rescinded pursuant to mandamus, and a resolution adopted designating plaintiff and other papers to publish the notices, plaintiff could recover against the city for such publication, though the mandamus was improperly issued, and the resolution authorizing plaintiff to publish the notices was afterward rescinded.

[Ed. Note.—For other cases, see Newspapers, Dec. Dig. § 5.*]

Appeal from Trial Term, New York County.

Action by the Morning Telegraph Company against the City of New York. From a judgment in the Trial Term for plaintiff upon a directed verdict (61 Misc. Rep. 511, 115 N. Y. Supp. 549), defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Theodore Connolly, for appellant.

Ernest W. Marlow (Thomas W. Churchill, on the brief), for respondent.

INGRAHAM, J. This case was tried upon an agreed statement of facts. No question of law was presented, and the court directed a verdict for the plaintiff. The plaintiff is the publisher of a morning newspaper known as the Morning Telegraph. The first publication of the election notices for the election of 1906 required to be published by the election law (section 10, c. 909, p. 899, Laws 1896, as amended by section 1, c. 259, p. 553, Laws 1906) was on October 7, 1906. On the 4th of October, 1906, the Board of Election of the city of New York designated the World, the Sun, the Times, and the Staats-Zeitung as the four newspapers advocating the principles of the Democratic party to publish such election notices, and delivered to each of those newspapers notice of the adoption of the resolution, fixing the price to be paid for the publication, and indicating the days upon which the same was required to be published. In pursuance of this resolution, such newspapers published the election notices required by the election law, for which the defendant paid the amounts charged for such publication. Subsequent to this designation, an application was made to the Supreme Court by one Thomas C. Quinn, alleging that the newspapers designated by the Board of Election did not support the Democratic candidate for Governor at the election, and therefore were not eligible to be designated as newspapers advocating the principles of the Democratic party under section 10 of the election law, and asked for a mandamus requiring the Board of Election to reconvene and designate four daily newspapers, in which were to be printed the general election notices in the borough of Manhattan, city of New York, that advocated the election of William R. Hearst as the candidate of the Democratic party for Governor. That application having been granted, the Board of Election met in pursuance thereof on the 8th day of October, 1906, rescinded the resolution appointing the World, Times, Sun, and Staats-Zeitung, and, pursuant to the commands of the Supreme Court, designated four other daily newspapers, one of which was the plaintiff, and notice of that resolution was given to the plaintiff, which thereupon published the election notices as required by section 10 of the election law. An appeal was taken from the order granting a peremptory mandamus to this court, which subsequently reversed the order of the Special Term granting the mandamus, and directed that a mandamus issue requiring the Board of Election to publish the notices required by the election law in four daily newspapers published in the borough of Manhattan which advocated the prin-

117 N.Y.S.—32

ciples of the Democratic party, whereupon, on the 13th of November, 1906, after the notices had been published by both sets of newspapers, the Board of Election adopted a resolution reciting the action of the board on the 4th of October, 1906, designating the New York Times, the Staats-Zeitung, the Sun, and the World, the granting of the mandamus by the Supreme Court, the resolution passed on the 8th of October, 1906, rescinding that resolution, and designating the plaintiff and three other newspapers to publish said election notices, and the reversal of that order by this court, and thereupon rescinded the resolution of October 8, 1906, which designated the plaintiff and three other newspapers, readopted, ratified, and confirmed as of October 4, 1906, the resolution designating the Sun, the World, the New York Times, and the Staats-Zeitung as the newspapers to publish such election notices, and designated these last-named papers under the provisions of section 10 of the election law. The plaintiff thereafter presented a claim for the charges for its publications to the comptroller, who refused to pay the same, and this action was brought. The court disallowed the claim of the plaintiff for two publications of these notices prior to the adoption of the resolution of October 8, 1906, but awarded the plaintiff judgment for the publications subsequent to such designation. From the judgment entered upon such verdict the defendant appeals.

On the appeal to this court from the order granting a mandamus reported in People ex rel. Quinn v. Voorhis, 115 App. Div. 118, 100 N. Y. Supp. 717, this court dismissed the appeal. This was reversed by the Court of Appeals (186 N. Y. 263, 78 N. E. 1001); the court holding that the duty imposed upon the Board of Election by the statute was continuous, and would not be completed until election day, as the board was required to cause to be published notices of election on various days, some of which were then still in the future, and the proceeding was remitted to the Appellate Division to determine the application upon the merits. The appeal was then brought on before this court, when the order granting the mandamus was reversed and a mandamus issued requiring the Board of Election to publish the notices required by the election law in four daily newspapers which advocated the principles of the Democratic party, and that order was affirmed by the Court of Appeals in 187 N. Y. 327, 80 N. E. 196. In affirming that order, the Court of Appeals said that the Appellate Division applied the proper ruling in requiring the Board of Elections to appoint papers which advocated the principles of the Democratic party. "That was the test provided by the statute." Section 10 of the election law required the Board of Election to cause to be published in two newspapers within such city a list of such places designated as polling places, and the boundaries of each election district in which each registration and polling place is located, such publication to be made in the newspapers so selected upon each day of registration and the day of election and on the day prior to such days. In the borough of Manhattan such publication should be made in four daily newspapers published in the borough of Manhattan which advocated the principles of the political party polling the highest number of votes in the state at

the last preceding election for Governor, and also in four daily newspapers published in the borough of Manhattan which advocated the principles of the political party polling the next highest number of votes for Governor at said election. It was held by the Court of Appeals on the first appeal (186 N. Y. 263, 78 N. E. 1001) that the duty imposed on the Board of Election under the statute was continuous. There is no provision authorizing the board to make a contract for the complete publications which would restrict the power of the board to change the newspapers after one or more publications had been made. The board was required to "publish" these notices on certain specified days; and I can see nothing in the statute which would prevent the board from directing that the election notices should be published for two days in one set of newspapers and for the subsequent days in another set of newspapers. It is true that the board acted under a mandamus which was erroneously issued; but the action of the board was a legal designation of the newspapers in which the notices were to be published, and the plaintiff, having acted under it, was entitled to be paid. By clause "j," subd. 2, § 11, Election Law (Laws 1896, p. 900, c. 909, as added by Laws 1901, p. 244, c. 95, § 5), it is provided that:

"All sums necessary to pay the expenses of the board of elections of the City of New York ✳ ✳ ✳ and to meet and defray the charges and expenses of all elections lawfully held in the city of New York or in any territory included therein, shall be a charge against the said city, and shall upon proper certificates and vouchers be paid in the same manner as other expenses and charges against the said city are by law provided to be paid."

Section 18 of the election law (Laws 1896, p. 906, c. 909, as amended by Laws 1901, p. 249, c. 95, § 7) provided that:

"All expenses relating to or connected with elections lawfully incurred by the board of elections of the city of New York shall be a charge upon such city, and after being audited by the proper officer, shall be paid by the comptroller of said city upon the certificate of such board."

Treating this, therefore, as a continuing duty imposed upon the Board of Election, the action of the board in causing these notices to be published in the plaintiff's publication on the days subsequent to the passage of the resolution October 8, 1906, was a legal authorization for the publication thereof, and it would seem to follow that the costs of such publication were made a charge upon the city of New York, and that the city was liable therefor.

It follows that the judgment must be affirmed, with costs.

PATTERSON, P. J., and CLARKE and SCOTT, JJ., concur. LAUGHLIN, J., concurs in result.